IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| **BS Steaks LLC,**<br><br>            Plaintiff,<br><br>**V.**<br><br>**US FOODS, INC.,**<br><br>            Defendant. | CASE NO.: _____ |

## DEFENDANT US FOODS, INC.'S NOTICE OF REMOVAL

TO THE CLERK OF THE COURT, THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA AND ALL PARTIES AND THEIR COUNSEL:

Defendant US Foods, Inc. ("US Foods" or "Defendant"), hereby removes this action from the Superior Court of Dougherty County, Georgia, to the United States District Court for the Middle District of Georgia under 28 U.S.C. §§ 1441(a), 1446, and 1453, on the ground that this Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332. In support thereof, Defendant states the following:

1.      On December 18, 2017, Plaintiff BS Steaks LLC ("Plaintiff") filed a putative class action in the Superior Court of Dougherty County, Georgia, entitled *BS Steaks LLC, v. US Foods, Inc.*, Case No. 17 CV 1656-1 (the "State Court Action"). The State Court Action names US Foods as the sole defendant.

2.      In the State Court Action, Plaintiff alleges claims for (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) unjust enrichment; (4) violation of

Georgia's Uniform Deceptive Practices Act ("GUDTPA") for deceptive and unconscionable practices; and (5) fraud, misrepresentation, suppression, and deceptive and unfair practices. Compl. ¶¶ 25-48.  Plaintiff alleges that US Foods made or engaged in deceptive and unfair "representations, omissions and practices" in charging a "Fuel Surcharge" to its Georgia customers.  *Id*. ¶¶ 1-2.

3.      Plaintiff served Defendant's agent for service of process, CT Corporation System, on January 19, 2018.

4.      Defendant timely files this Notice of Removal within the thirty-day period provided under 28 U.S.C. § 1446(b).

5.      Defendant attaches to this Notice of Removal all pleadings, process, orders, and other filings served on Defendant in the State Court Action, as required by 28 U.S.C. § 1446(a).  A copy of the Complaint is attached as Exhibit A; a copy of the Summons is attached as Exhibit B; and a copy of the Proof of Service of Summons is attached as Exhibit C.

6.      Pursuant to 28 U.S.C. 1446(b), a copy of this Notice of Removal is being served on Plaintiff and filed with the Superior Court of Dougherty County, Georgia.  A copy of the notice filed with the Superior Court of Dougherty County is attached as Exhibit D.

7.      This case is properly removed to the United States District Court for the Middle District of Georgia under 28 U.S.C. §§ 1332, 1441(a), and 1453.  The Superior Court of Dougherty County where this action was originally filed is located within the jurisdiction of this District Court.

8.      Removal is proper under 28 U.S.C. §§ 1332(d) and 1453 because this case alleges: (a) a class action; (b) with a proposed class containing 100 or more members in the

aggregate; (c) in which Plaintiff is a citizen of a state that is different from US Foods; and (d) the matter in controversy exceeds $5,000,000, exclusive of interest and costs. *See* The Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, and 1711-1715.

### A.   Citizenship of the Parties

9.   According to the Complaint, Plaintiff is a Georgia corporation with its principal place of business in Georgia. Compl. ¶ 7.

10.   The Complaint seeks relief on behalf of the following putative class: "All customers in Georgia which paid Defendant one or more of the Fees at any time within the Class Period." Compl. ¶ 9.

11.   Defendant US Foods is a Delaware Corporation with its principal place of business in Rosemont, Illinois. Compl. ¶ 8.

12.   Under 28 U.S.C. § 1332(c)(1), a corporation shall be deemed to be a citizen of every State by which it has been incorporated and of the State where it has its principal place of business.

13.   Here, Plaintiff alleges that it is a citizen of Georgia and that the members of the proposed putative class reside in Georgia. Defendant is a citizen of Delaware and Illinois. As a result, there is diversity of citizenship under 28 U.S.C. § 1332(d)(2).

### B.   CAFA's Removal Requirements

14.   Under CAFA, a "class action" may be removed where "any member of a class of plaintiffs is a citizen of a State different from any defendant" and "the matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. §§ 1332(d)(2) and 1453. For purposes of

the $5,000,000 jurisdictional requirement, "the claims of the individual class members shall be aggregated." *Id*. § 1332(d)(6).  The class must have at least 100 members.  *Id*. § 1332(d)(5)(B).

15. To meet the amount-in-controversy requirement, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).  The Supreme Court confirmed in *Dart* that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court."  *Id*.  A removing defendant may submit specific factual details—including declarations—to support its contentions that the amount-in-controversy threshold is satisfied.  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010); *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir 2014) (In determining the existence of adequate damages to support CAFA jurisdiction, "[a] court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence, to determine whether the defendant has carried its burden.").

16. The amount in controversy exceeds $5,000,000.  According to Plaintiff, the Fuel Surcharge "bears absolutely no relation to US Foods's actual increased fuel costs (or its actual fuel costs)[.]"  Compl. ¶ 2.  Rather, Plaintiff alleges, "US Foods uses the Fees simply to generate extra profit at its customers' expense[.]"  *Id*.  Multiple other allegations of the Complaint challenge the entirety of US Foods' Fuel Surcharges to the class as unrelated to US Foods' actual costs of fuel.  *See, e.g., id*. ¶ 14(b) (alleging as a common question whether the Fuel Surcharge is "directly related" to US Foods' "actual cost of fuel"); *id*. ¶ 14(i) (alleging as a common question whether the Fuel Surcharges "bear any relation" to US Foods' "actual cost of fuel"); *id*. ¶ 21

(alleging the Fuel Surcharge "is unrelated to US Foods' actual or increased fuel costs" and instead "contributes directly to US Foods's profit"); *id.* ¶ 21 (alleging "the increased fuel costs US Foods purportedly recovers through the Fees are already fully [sic] through the prices it charges for sale and delivery of products"); *id.* ¶ 22 (alleging US Foods' "actual cost of fuel is not a factor in the amount of the Fees" and that the Fuel Surcharge is recognized as "profit"); *id.* ¶ 38 (alleging "BS Steaks incurred damages in the form of paying improper 'Fuel Surcharges'"); *id.* ¶ 43 (alleging each class member was damaged as a result of paying "the improper 'Fuel Surcharges' to their detriment"). Thus, Plaintiff's allegations put at issue the entirety of US Foods' Fuel Surcharges.

17. As detailed in the Declaration of Melissa Roberts, Revenue Manager for US Foods, according to US Foods' books and records, US Foods customers who received one or more deliveries to a Georgia address and who do not have a contract with US Foods that states the amount or calculation of US Foods' fuel surcharge (hereafter, "Georgia Customers") were assessed $3,986,920.30 in Fuel Surcharges by US Foods for those deliveries during the period running from December 1, 2013 to December 31, 2017. *See* Exhibit E.

18. Plaintiff defines its class to include Georgia Customers who paid a Fuel Surcharge "at any time within the Class Period," which ends on "the date of class certification." Compl. ¶¶ 9-10. Plaintiff thus puts at issue the additional Fuel Surcharges US Foods will collect from Georgia Customers over the course of this litigation through class certification.

19. As set forth in the Declaration of Melissa Roberts, during the calendar year preceding the filing of this Notice of Removal (January through December 2017), Georgia

Customers were assessed an average of $59,140.11 per month in Fuel Surcharges from US Foods. *See* Exhibit E.

20. The U.S. Energy Information Agency predicts diesel fuel prices will remain above $2.49 through 2019. *See* https://www.eia.gov/outlooks/steo/.

21. Assuming US Foods continues to collect Fuel Surcharges at the average rate it collected Fuel Surcharges during 2017 (a conservative assumption, given the predicted increase in diesel fuel prices), and assuming the Court grants class certification in 20 months (in August 2019), US Foods would assess Georgia Customers an additional $1,182,802.20 ($59,140.11 * 20 months) in Fuel Surcharges by the date of class certification.

22. Plaintiff, moreover, alleges "BS Steaks and each member of the class are likely to be damaged by US Foods deceptive conduct in the future" and seeks injunctive relief resulting from the conduct alleged in the Complaint. Compl. ¶¶ 44, 49. This requested relief puts at issue the entirety of US Foods' future Fuel Surcharges to Georgia Customers.

23. The GUDTPA provides for prevailing party attorneys' fees if "[t]he party charged with a deceptive trade practice has willfully engaged in the trade practice knowing it to be deceptive." Ga. Code Ann. § 10-1-373(b)(2). Because Plaintiff alleges that US Foods "acted knowingly in making misrepresentations, omitting material facts, and carrying out fraudulent scheme . . . ." (Compl. ¶ 42), these amounts are included for purposes of calculating the amount in controversy under CAFA. *See Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 n.4 (11th Cir. 2003) ("The general rule is that attorneys' fees do not count towards the amount in controversy unless they are allowed for by statute or contract."); *Lee-Bolton v. Koppers Inc.*, 848 F. Supp. 2d 1342, 1356 (N.D. Fla. 2011) (same).

24. The Eleventh Circuit has indicated that "25% is generally recognized as a reasonable fee award in common fund cases." *Nelson v. Mead Johnson & Johnson Co.*, 484 Fed. App'x 429, 435 (11th Cir. 2012) (citing *Faught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1243 (11th Cir. 2011)); *see also Carter v. Forjas Taurus, S.A.*, 701 Fed. App'x 759, 767 (11th Cir. 2017) ("[I]n this circuit we have identified twenty to thirty percent of the common fund as a 'benchmark' for an attorney's fee award."); *Saccoccio v. JP Morgan Chase Bank, N.A.*, 297 F.R.D. 683, 695 (S.D. Fla. 2014) ("The typical common fund fee awarded is between 20% and 30% of the fund."). Adding a 25% fee award to the $5,169,722.50 ($3,986,920.30 + $1,182,802.20 = $5,169,722.50) in total Fuel Surcharges US Foods assessed or anticipates assessing its Georgia Customers through the date of class certification yields an amount in controversy of $6,462,153.13 ($5,169,722.50 * 1.25 = $6,462,153.13).

25. The proposed class exceeds 100 members. Plaintiff alleges the class "exceeds 1,000 members." Compl. ¶ 15. As described in the Declaration of Melissa Roberts, according to US Foods' books and records, well over 1,000 Georgia Customers were assessed at least one Fuel Surcharge during the period running from December 1, 2013 to December 31, 2017. *See* Exhibit E.

26. Accordingly, because the State Court Action is a putative class action with 100 or more class members, is between citizens of different states, and places more than $5,000,000 in controversy, removal is proper pursuant to 28 U.S.C. §§ 1332(d) and 1453.

27. None of CAFA's discretionary or mandatory exceptions to jurisdiction apply here because, as discussed above, US Foods is a citizen of Delaware and Illinois. *See* 28 U.S.C. §1332(d)(3)-(4).

28. By filing this Notice of Removal, Defendant does not waive and hereby expressly reserves the right to assert any defense, denial, challenge or motion available.

WHEREFORE, Defendant removes this entire action from the Superior Court of Dougherty County, Georgia and to the United States District Court for the Middle District of Georgia.

Dated: February 16, 2018               Respectfully submitted,

/s/ *Kim Allison Purcell*
Kim Allison Purcell
 (Georgia Bar No. 579710)

**JONES DAY**
1420 Peachtree Street, Suite 800
Atlanta, GA  30309
Telephone:   (404) 521-3939
Facsimile:    (404) 581-8330
e-mail:         kpurcell@jonesday.com

***Attorney for Defendant***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this day the undersigned caused the within and foregoing **DEFENDANT US FOODS, INC.'S NOTICE OF REMOVAL** to be filed with the Clerk of Court via electronic filing.

The undersigned further certifies that on this day, I caused a true and accurate copy of **DEFENDANT US FOODS, INC.'S NOTICE OF REMOVAL** to be served upon counsel for the Plaintiff via U.S. Mail, with sufficient postage attached and addressed as follows:

> Patrick S. Flynn
> Flynn & Phillips, LLC
> 517 W. Broad Avenue
> Post Office Box 7 (31702)
> Albany, Georgia 31701

This 16th day of February, 2018           */s /Kim Allison Purcell*
                                          Kim Allison Purcell